**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE MARTINEZ-ARGUETA, | No. 13-72810 |
| Petitioner, | Agency No. A094-457-716 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015**

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jose Martinez-Argueta, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Martinez-Argueta applied for asylum within a reasonable time period after the termination of his temporary protected status. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181 (9th Cir. 2008) (364-day delay in filing asylum application after non-immigrant status expired was not a reasonable period of time). Thus, his asylum claim fails.

Further, substantial evidence supports the agency's denial of Martinez-Argueta's CAT claim because he did not establish it is more likely than not that he would be tortured by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Silaya*, 524 F.3d at 1073.

In denying withholding of removal for lack of nexus to a protected ground, the BIA did not address the social group argument in Martinez-Argueta's 2012 brief, and we have no agency decision to review on that claim. We therefore grant the petition as to withholding of removal, and remand for the agency to address the social group argument in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

13-72810

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**